IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CYNTHIA HARRIS,<br><br>Plaintiff,<br><br>v.<br><br>THE ROYAK GROUP, INC. and PATRICIA ROYAK,<br><br>Defendants | Civil Action No.<br><br>JURY TRIAL DEMANDED |

**COMPLAINT**
**NATURE OF COMPLAINT**

1.

Plaintiff brings this action to obtain full and complete relief for Defendants' violations of the overtime and minimum wage requirements of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., ("FLSA"), and for violations of Georgia law.

**JURISDICTION AND VENUE**

2.

The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331.

3.

Pursuant to 28 U.S.C. § 1391 and Local Rule 3.1(B)(1)(a), venue is proper in this Court because the unlawful employment practices described herein were

1

committed within the Atlanta Division of the United States District Court for the Northern District of Georgia.

## PARTIES

4.

Plaintiff is a citizen of the United States of America and a resident of the State of Georgia.

5.

Defendant The Royak Group, Inc. ("TRG") is a Georgia corporation and has a principal place of business at 6455 East Johns Crossing, Suite 285, Johns Creek, Georgia, 30097. Defendant TRG may be served with process by delivering a copy of the Summons and Complaint to its registered agent, Adam R. Gaslowitz, 245 Peachtree Center Avenue, Suite 2210, Atlanta, Georgia 30303.

6.

Defendant Patricia Royak ("Royak") is a citizen of the United States of America and a resident of the State of Georgia.

7.

Defendant Royak functions as the Chief Executive Officer, Chief Financial Officer, and Secretary at Defendant TRG.

8.

Defendant Royak may be served with process by delivering a copy of the Summons and Complaint to Defendant Royak at her place of employment located at 6455 East Johns Crossing, Suite 285, Johns Creek, Georgia, 30097.

9.

Defendants are governed by and subject to the FLSA.

10.

At all relevant times, Defendant TRG was an enterprise engaged in commerce or in the production of goods for commerce.

11.

At all relevant times, Defendant TRG has had at least two (2) employees engaged in interstate commerce or in handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce.

12.

Defendant TRG provides staffing and recruitment services to companies in the telecommunication, healthcare, retail, insurance, and financial industries nationwide.

13.

At all relevant times, Defendant TRG has had at least $500,000.00 in annual gross volume of sales made or business done.

14.

Plaintiff is subject to individual coverage under the FLSA.

15.

During Plaintiff's employment at Defendant TRG, Plaintiff was engaged in interstate commerce on the job. Plaintiff used the instrumentalities of commerce (e.g., telephone, Internet, etc.) to communicate with out-of-state applicants and with Defendant TRG's clients.

16.

At all relevant times, Defendants were "employers" as that term is defined by 29 U.S.C. § 203(d).

17.

Defendants acted directly or indirectly in the capacity of an "employer" in relation to Plaintiff.

18.

Defendants determined the terms and conditions of Plaintiff's employment, including Plaintiff's job duties, work hours, and compensation.

19.

At all relevant times, Plaintiff was an "employee" of Defendants as that term is defined by 29 U.S.C. § 203(e).

## STATEMENT OF FACTS

20.

Plaintiff worked for Defendants from January 6, 2015 to August 12, 2015.

21.

Plaintiff was given the job title of "IT Sourcing Specialist."

22.

Plaintiff functioned in the capacity of an entry-level recruiter/clerical worker.

23.

Plaintiff was not involved in Defendant TRG's full lifecycle recruiting process.

24.

Plaintiff performed routine and repetitive clerical work.

25.

Plaintiff updated "workflow" notes in Defendant TRG's MaxHire Applicant Tracking System.

26.

Plaintiff searched Defendant TRG's resume database and online resume databases and websites (e.g., LinkedIn) to find individuals who met the client's job requirements (e.g., skills, work experience, level of education, etc.).

27.

In addition, Plaintiff solicited qualified individuals through online job postings using the information and job descriptions provided by the client or its hiring manager.

28.

Plaintiff had no discretion with respect to matters of significance.

29.

Plaintiff did not have the authority to determine whether the candidates she found online or solicited through online job postings were actually submitted to the client for consideration.

30.

Plaintiff did not have the authority to determine whether to hire a candidate.

31.

Plaintiff did not have the authority to determine how much a candidate would be paid.

32.

Plaintiff was not involved in the on-boarding process.

33.

Plaintiff was not required to monitor a candidate's job performance after the candidate was hired.

34.

Plaintiff did not discipline or terminate candidates who were not meeting the client's expectations.

35.

Plaintiff was paid a salary of $384.61 per week. <u>See</u> Plaintiff's Payroll Records, attached as Exhibit "A."

36.

Plaintiff was eligible to earn commissions.

37.

Plaintiff was promised commissions in the amount of ten (10) percent of the profit that Defendant TRG made off any candidate Plaintiff found who was subsequently hired by the client.

38.

Defendants did not keep their promise, and Plaintiff's commissions were negligible.

39.

During Plaintiff's employment with Defendants, Plaintiff was only paid $3,164.90 in commissions. <u>See</u> Exhibit "A." However, she actually earned more than that.

40.

Plaintiff was paid by-weekly. <u>See</u> Exhibit "A."

41.

Excluding three (3) pay periods, Plaintiff was not paid at least $455.00 per week as required by the salary basis test of the FLSA's white collar exemptions. See Exhibit "A."

42.

At all relevant times, Plaintiff worked more than 40 hours per week.

43.

From January 6, 2015 to January 30, 2015, Plaintiff worked five (5) days per week and logged approximately 49 hours per week.

44.

During the rest of Plaintiff's employment at Defendant TRG, Plaintiff worked seven (7) days per week and logged approximately 75 hours per week or more.

45.

Defendants were aware that Plaintiff worked more than forty (40) hours per week.

46.

Plaintiff sent and received emails and made phone calls before and after the office opened and closed.

47.

Further, Defendant Royak often drove Plaintiff to and from work on the weekends.

48.

Given Plaintiff's long work hours, Defendant TRG consistently failed to pay Plaintiff at least the federal minimum wage rate of $7.25 per hour.

49.

Defendant TRG failed to keep a record of Plaintiff's actual work hours.

50.

Defendant TRG did not have a timekeeping system or any other means of accurately recording actual time worked.

## **COUNT ONE**
## **Failure to Pay Overtime as Required by the FLSA**
## **(As to All Defendants)**

51.

Plaintiff reasserts and incorporates by reference paragraphs 4 through 50 of this Complaint as if fully set forth herein.

52.

Defendants misclassified Plaintiff as exempt from the FLSA's overtime pay requirements.

53.

Defendants cannot satisfy the salary basis test of the FLSA' white collar exemptions.

54.

Defendants consistently paid Plaintiff less than $455.00 per week. See Exhibit "A."

55.

Plaintiff performed non-exempt work.

56.

Despite Plaintiff's fancy job title, she performed clerical work, and her "recruitment" duties were limited to finding job applicants who met the client's checklist of requirements (e.g., skills, years of experience, education, etc.).

57.

Plaintiff did not make hiring or firing decisions, determine the candidate's pay rate, monitor the candidate's job performance, etc.

58.

Plaintiff worked more than 40 hours per week.

59.

Defendants suffered or permitted Plaintiff to work more than 40 hours per week.

60.

Plaintiff communicated with Defendant TRG and its clients via phone and email before and after the office open and closed, and Defendant Royak often drove Plaintiff to and from work on the weekends.

61.

Defendants refused to pay Plaintiff time and one-half her regular hourly rate of pay for all hours worked over 40 in a week.

62.

Defendants have acted in bad faith.

63.

Defendants were aware that Plaintiff was consistently paid less than $455.00 per week, and that Plaintiff worked much more than 40 hours per week.

64.

Defendants did not maintain records of Plaintiff's actual work hours.

65.

As the proximate result of Defendants' unlawful conduct, Plaintiff is entitled to recover her unpaid overtime wages, an equivalent amount as liquidated damages, attorneys' fees, and costs.

**COUNT TWO**
**Failure to Pay Minimum Wage as Required by the FLSA**
**(As to All Defendants)**

66.

Plaintiff reasserts and incorporates by reference paragraphs 4 through 65 of this Complaint as if fully set forth herein.

67.

Defendants failed to pay Plaintiff at least $7.25 for each hour of work she performed in a week.

68.

In most weeks, Plaintiff was paid $384.61, and worked 75 hours or more.

69.

Defendants have acted in bad faith.

70.

Defendants were aware that Plaintiff worked much more than 40 hours per week.

71.

Plaintiff communicated with Defendant TRG and its clients via phone and email before and after the office open and closed, and Defendant Royak often drove Plaintiff to and from work on the weekends.

72.

As the proximate result of Defendants' unlawful conduct, Plaintiff is entitled to recover her unpaid minimum wages, an equivalent amount as liquidated damages, attorneys' fees, and costs.

# COUNT THREE
## Failure to Pay Earned Commissions Under Georgia Law
## (As to All Defendants)

73.

Plaintiff reasserts and incorporates by reference paragraphs 4 through 72 of this Complaint as if fully set forth herein.

74.

Defendants promised to pay Plaintiff commissions in the amount of ten (10) percent of the profit that Defendant TRG made off any candidate Plaintiff found who was subsequently hired by the client.

75.

Plaintiff worked with the expectation that she would be paid commissions as promised.

76.

Defendants did not keep their promise, and Plaintiff's commissions were negligible.

77.

During Plaintiff's employment with Defendants, Plaintiff was only paid a total of $3,164.90 in commissions. See Exhibit "A." However, she actually earned more than that.

78.

Plaintiff was not paid for all of the commissions that she earned.

79.

Plaintiff seeks reimbursement under Georgia law for all of the earned commissions for which she was not paid, together with prejudgment interest in the amount permitted by law.

## COUNT FOUR
## Recovery of Attorneys' Fees and Expenses under O.C.G.A. § 13-6-11
## (As to All Defendants)

80.

Plaintiff reasserts and incorporates by reference paragraphs 4 through 79 of this Complaint as if fully set forth herein.

81.

Defendants' act of failing to pay Plaintiff her earned commissions was done in bad faith.

82.

Plaintiff is entitled to recover her litigation expenses, including her reasonable attorneys' fees and costs with respect to Count Four of this Complaint.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays for relief as follows:

A. For a trial by jury;

B. For a finding that Defendants violated Plaintiff's rights as set forth herein;

C. For a judgment in Plaintiff's favor for unpaid overtime and minimum wages, an equivalent amount as liquidated damages, prejudgment interest on unpaid wages, reasonable attorneys' fees, and costs in accordance with the FLSA, 29 U.S.C. § 216;

D. For a judgment in Plaintiff's favor as to Plaintiff's claims brought under Georgia law (Counts Three and Four) for unpaid earned commissions, prejudgment interest, attorneys' fees and litigation expenses; and

E. For such other and further relief as this Court deems proper and just.

Date: January 6, 2017

                                   Respectfully submitted,

                                   SMITH LAW, LLC

                     By:    */s/ Louise N. Smith*
                                     Louise N. Smith
                                     Georgia Bar No. 131876
                                     William J. Smith
                                     Georgia Bar No. 710280
                                     *Attorneys for Plaintiff*

SMITH LAW, LLC
P.O. Box 1396
Dacula, GA 30019
T: (678) 690-5299
F: (678) 889-2890
louise@smithlaw-llc.com
william@smithlaw-llc.com

# **DEMAND FOR JURY TRIAL**

Pursuant to Fed.R.Civ.P. 38(b), Plaintiff demands a trial by jury.

|  | By: | */s/ Louise N. Smith* |
|---|---|---|
|  |  | Louise N. Smith |
|  |  | Georgia Bar No. 131876 |
|  |  | William J. Smith |
|  |  | Georgia Bar No. 710280 |
|  |  | *Attorneys for Plaintiff* |

SMITH LAW, LLC
P.O. Box 1396
Dacula, GA 30019
T: (678) 690-5299
F: (678) 889-2890
louise@smithlaw-llc.com
william@smithlaw-llc.com

## **FONT AND POINT CERTIFICATION**

The undersigned counsel for Plaintiff hereby certifies that the within and foregoing COMPLAINT was prepared using Times New Roman, 14-point font in accordance with LR 5.1(B).

This 6th day of January, 2017.

                                             Respectfully submitted,

                                             SMITH LAW, LLC

                          By:   */s/ Louise N. Smith*
                                             Louise N. Smith
                                             Georgia Bar No. 131876
                                             *Attorney for Plaintiff*

# **CERTIFICATE OF SERVICE**

I hereby certify that on this 6th day of January, 2017, I have caused service of the within and foregoing COMPLAINT to issue upon the Defendants to this Action personal service pursuant to Fed. R. Civ. P. 4 within the time allowed by Fed. R. Civ. P. 4(m).

This 6th day of January, 2017

                             By: */s/ Louise N. Smith*
                                     Louise N. Smith
                                     Georgia Bar No. 131876
                                     *Attorney for Plaintiff*